UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RODNEY L. MOSBY, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 3 05 0669 |
| | ) Judge Campbell |
| WARDEN, GLEN TURNER, ET AL., | ) ) |
| Respondents. | ) |

## MEMORANDUM

### INTRODUCTION AND BACKGROUND

The petitioner, proceeding *pro se* and *in forma pauperis*, brings this action under 28 U.S.C. § 2254.[1] The petitioner names Glen Turner, Warden at the Hardeman County Correctional Facility (HCCF), and the State of Tennessee as respondents.

The petitioner pled guilty to second-degree murder, and was sentenced by the Criminal Court for Davidson County to 20 years in the Tennessee Department of Correction (TDOC) on October 30, 2000. (Petition, ¶¶ 2-3, 6, p. 2; Attach. Doc's, p. 19)[2] The petitioner did not file an appeal as of right from his conviction. (Petition, ¶ 8, p. 3; Attach. Order entered Jun. 7, 2005, p. 1) The

---

[1] The petitioner asserts that he brings this action under 28 U.S.C. §§ 2241, 2254, and 2255. A petition brought under § 2241 generally applies to challenges regarding the execution and manner in which a sentence is served, whereas a petition brought under § 2254 challenges the constitutionality of a conviction and sentence arising out of a State criminal action. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Although the petitioner claims, *inter alia*, that he is challenging the execution of his sentence, it is clear from the petition and accompanying documents that he is challenging only the constitutionality of his conviction and sentence. As such, § 2241 is inapplicable. Section 2255 only pertains to Federal prisoners. Because the petitioner is a State prisoner serving a sentence of imprisonment for a State criminal conviction, § 2255 also is inapplicable. For these reasons, the Court liberally construes this action as having been brought under § 2254.

[2] The petitioner has attached 19 trial-related documents – stapled together – to his petition. Because the pages are unnumbered, reference is made to these documents using the following convention: (Petition, Attach. Doc's, p. X), where "X" is the page of the referenced document in the order that it appears among those documents stapled together.

petition also did not seek State post-conviction relief.³ (Petition, ¶ 11, pp. 4-5) The petitioner did, however, file a petition for State *habeas corpus* relief on June 3, 2005, which was denied 3 days later on June 6, 2005. (Petition, ¶ 11, pp. 4-5; Attach. Copy of Order Entered June 7, 2005) The petitioner did not appeal the judgment of the trial court that denied and dismissed his State *habeas corpus* petition. (Petition, ¶ 11(d), p. 5)

The petitioner submitted the following documents when he filed this action on August 9, 2005:⁴

1) a form-document captioned, "Petition for Relief From a Conviction or Sentence By a Person in State Custody" under § 2254 (hereinafter "the petition");

2) a document captioned, "PETITION UNDER 28 U.S.C. § 2255, § 2254(d) and § 2241 MOTION TO CORRECT ILLEGAL SENTENCE AND MOTION TO CHALLENGE EXECUTION OF SENTENCE AND MOTION TO VACATE," which provides no factual grounds or argument in support of the petitioner's request for federal *habeas corpus* relief;

3) a document captioned, "MEMORANDUM IN SUPPORT [*sic*] PETITION UNDER 28 U.S.C. § 2255, § 2254(d), § 2254 MOTION TO CORRECT ILLEGAL SENTENCE AND MOTION TO VACATE WITH MOTION TO CHALLENGE EXECUTION OF SENTENCE," which sets forth claims under *Blakely v. Washington* 542 U.S. 296 (2004) and *Brady v. Maryland*, 373 U.S. 83 (1963);

4) a document captioned, "AMENDMENT TO 28 U.S.C. § 2254," which alleges trial court error in permitting

---

³ The petitioner asserts that he filed a petition for State post-conviction relief with respect to the grounds for relief that he raises in the instant petition. (Petition, ¶ 12(d), p. 6) However, the information that he provides about these alleged State post-conviction proceedings is the same information that he provides regarding his State *habeas corpus* petition. (Petition, ¶ 11(a), p. 4) It is apparent from the record before the Court that the State post-conviction proceedings to which the petitioner refers are, in fact, those pertaining to his State *habeas corpus* proceedings.

⁴ The envelope in which the petitioner mailed the documents pertaining to his *habeas corpus* petition is stamped as having been delivered to the HCCF mailroom on August 9, 2005. This is the date that the petitioner is deemed to have filed this action. Rule 3(d), Rules – Section 2254 Cases.

2

hearsay testimony to be admitted into evidence in the State criminal proceedings;

5) a document captioned, "AMENDED PETITION IN SUPPORT OF 28 U.S.C. § 2255, § 2254(d), § 2253 AND § 2241," which appears to pertain to the petitioner's *Brady* claim;

6) a document captioned, "MOTION IN OPPOSITION TO THE RESPONDANTS [sic] MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION/ AND MOTION IN [sic] ALTERNATIVE TO TRANSFER THE PETITIONS TO THE PROPER COURT AND VENUE";[5]

7) nineteen (19) trial-related documents stapled together with the name, "Mann," appearing on the first page (Attach. Doc's); and,

8) an Order filed in the Criminal Court for Davidson County on June 7, 2005 in Case No. 98-D-2496.

A plain reading of the foregoing documents establishes that the petitioner's claims fall into two broad categories: those under *Blakely*, and all others, *i.e.*, non-*Blakely* claims.

ANALYSIS

General

Title 28 U.S.C. § 2254(d) provides the following with respect to granting a writ of *habeas corpus* to prisoners who are in custody pursuant to a state court judgment:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

---

[5] The respondent has not filed any documents with respect to this action, because the Attorney General of the State of Tennessee has not been served. Therefore, there is nothing to oppose. Moreover, venue in this matter is appropriate. The Court is unable to determine why the petitioner submitted this document, other than the fact that it bears a striking resemblance to other documents filed recently by other inmates at HCCF.

3

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The "unreasonable application" of clearly established federal law differs from an "incorrect application." *Williams v. Taylor*, 529 U.S. 362, 365 (2000). Under the former, " a federal habeas corpus court may grant relief if the state court identifies the governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. The latter clause is satisfied when a state court "arrives at a conclusion opposite that reached by this Court on a question of law or . . . decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. at 364-65.

## Petitioner's *Blakely* Claims

The petitioner cites *Blakely* repeatedly in the documents that he has submitted. However, the Sixth Circuit has determined that *Blakely* does not apply retroactively to cases that were final on direct review at the time *Blakely* was decided. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). As discussed *infra* at p. 5, the judgment in the petitioner's State criminal action became final on December 1, 2001, nearly 4 years before *Blakely* was decided. Accordingly, the petitioner's *Blakely* claims are without merit.

## Petitioner's Non-*Blakely* Claims

### Timeliness

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq*.), prisoners have 1 year within

4

which to file a petition for *habeas corpus* relief which runs from the latest of 4 circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review . . . ." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Id.* at (d)(2); *see Isham v. Randle*, 226 F.3d 691, 693 (6th Cir. 2000).

Although the AEDPA does not expressly define when a conviction becomes "final," the Sixth Circuit treats convictions as having become final at the conclusion of direct review. *See Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). As a general rule, a trial court's judgment in Tennessee becomes final 30 days after its entry unless timely notice of appeal or a specified post-trial motion is filed. *See State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996); *See also State v. Hamlin*, 655 S.W.2d 200, 202 (Tenn. Crim. App. 1983). As previously established, the petitioner did not pursue a direct appeal. Therefore, the judgment in the petitioner's criminal case became final on December 1, 2000, following which he had until November 29, 2001 under the AEDPA to file a petition for a writ of *habeas corpus* in Federal court, or to file an application for State post-conviction relief, or other collateral review, to toll the period of limitations. *See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000).

As previously noted, *supra* at p. 2 n. 3, the petitioner did not seek State post-conviction relief, nor did he seek collateral relief in any form in State court until he filed his petition for State *habeas corpus* relief on June 3, 2005. (Petition, ¶ 12(d), pp. 6-7) Thus, the petitioner did not bring this action until more than 3½ years after the AEDPA's one-year limitations period ran on November 29, 2001. Consequently, the petitioner's non-*Blakely* claims are untimely.

The one-year limitations period expressed in § 2244(d)(1) does not operate as a jurisdictional

5

bar to *habeas corpus* petitions and can be equitably tolled, under exceptional circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1004, 1004 n. 1, 1005 (6th Cir. 2001). However, "[t]he petitioner bears the ultimate burden of persuading the court that he . . . is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)(citing *Dunlap*, 250 F.3d at 1001).

In *Dunlap*, the Sixth Circuit held that equitable tolling was applicable to *habeas corpus* petitions under the AEDPA. More particularly, the Sixth Circuit held that equitable tolling was appropriate only after the court has "properly considered and balanced the factors set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988) unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009. The factors to be considered are: 1) lack of actual notice of filing requirement; 2) lack of constructive knowledge of filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the respondent; and 5) a petitioner's reasonableness in remaining ignorant of the notice requirement. *Id.* at 1008; *see Andrews*, 851 F.2d at 151. The five factors considered in deciding whether to equitably toll a limitations period are not comprehensive, nor is each of the five factors relevant in all cases. *Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). As to the fourth factor, "[a]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify tolling is identified, it is not an independent basis for invoking the doctrine. . . ." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984). Finally, the sixth Circuit has held that equitable tolling in *habeas corpus* actions should be "applied sparingly." *Dunlap*, 250 F.3d at 1008.

Although the petitioner does not say so in the context of his request for federal *habeas corpus* relief, based on statements pertaining to his failure to pursue his State remedies (Petition, ¶¶ 12(a), 18, pp. 6, 14), the Court liberally construes the petition to allege that the petitioner was

unaware of the one-year limitations period under the AEDPA, *i.e.*, that he was ignorant of the law. That said, "[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005)(quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Moreover, as the petitioner appears to have learned of his State appellate/post-conviction rights at some point during his first year in prison (Petition ¶ 18, p. 14), it cannot be said that he was diligent in pursuing his right to seek federal *habeas corpus* relief in the more than 3½ years that passed from the time he learned that he had the right to challenge his conviction, and the time that he brought the instant action. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)(holding that equitable tolling did not apply even if a petitioner "lack[s] actual knowledge of the relevant provisions of the AEDPA . . . ."). For these reasons, the Court concludes that equitable tolling is not warranted. Accordingly, the petitioner's non-*Blakely* claims are time barred.[6]

## Exhaustion

In addition to the foregoing, the law is well established that a petition for federal *habeas corpus* relief will not be considered unless the petitioner has first exhausted all available State court remedies for each claim presented in his petition. 28 U.S.C. § 2254(b)(1)(A); *see Carey v. Saffold*, 536 U.S. 214, 220 (2002); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002). This exhaustion requirement springs from consideration of comity between the States and the Federal government and is designed to give the state an initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971). This means that, as a condition precedent to seeking federal relief, a petitioner's claims must have been fairly

---

[6] The Court has the authority to *sua sponte* raise the statute of limitations and dismiss a *habeas corpus* petition on those grounds. *Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002). *Scott* suggests in a parenthetical notation that the petitioner must be afforded notice and an opportunity to be heard prior to *sua sponte* dismissal on those grounds. *Id.* However, as discussed *infra*, the petitioner's non-*Blakely* claims also are procedurally barred. Accordingly, giving the petitioner notice and an opportunity to be heard on the timeliness issue would be an exercise in futility.

7

presented to the State courts. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Fitzgerald v. Withrow*, 292 F.3d 500, 502 (6th Cir. 2002), *cert. denied*, 537 U.S. 1009 (2002). Once the Federal claims have been raised in the State's highest court, the exhaustion requirement is satisfied, even if that court refuses to consider them. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990).

It is clear from the record that the petitioner's non-*Blakely* claims were not raised in any State court prior to being raised in the instant action. Therefore, the petitioner's non-*Blakely* claims are unexhausted.

Unexhausted claims ordinarily are dismissed without prejudice to give the petitioner the opportunity to pursue them in state court. *Rose*, 455 U.S. at 518, 520-22. However, if an unexhausted claim is procedurally defaulted under State law, that claim also is procedurally defaulted for the purposes of Federal *habeas corpus* review. *See Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977); *Seymour v. Walker*, 224 F.3d 542, 549-60 (6th Cir. 2000). The question is whether the petitioner's unexhausted non-*Blakely* claims are procedurally defaulted as well.

Tennessee's post-conviction statute, Tenn. Code Ann. § 40-30-102, provides, *inter alia*, that:

> Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a

8

> condition upon its exercise.

*Id.* at ¶ (a). The Tennessee post-conviction statute goes on to say that:

> This part contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed. A petitioner may move to reopen a post-conviction proceeding that has been concluded, under . . . limited circumstances . . . .

*Id.* at ¶ (c).

As previously established, *supra* at p. 5, the judgment in the State criminal action against the petitioner became final on December 1, 2000. Because the petitioner's conviction became final more than 4 ½ years ago, he is ineligible to file a petition for State post-conviction relief under Tenn. Code Ann. § 40-30-102(a). Moreover, because the petitioner never sought State post-conviction relief, there are no post-conviction proceedings to reopen under Tenn. Code Ann. § 40-30-117(c). For these reasons, the petitioner's unexhausted non-*Blakely* claims are procedurally defaulted.

To have a claim reviewed that is procedurally defaulted, the petitioner must demonstrate cause and prejudice for the failure, or that a miscarriage of justice will result if there is no review. *Wainwright*, 433 U.S. at 87, 90-91; *Seymour*, 224 F.3d at 550. A fundamental miscarriage of justice means that the petitioner actually is innocent. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). The petitioner does not claim to be innocent. Therefore, for the Court to consider the petitioner's procedurally defaulted claims, he must establish both parts of the two-part cause-and-prejudice test.

The Court liberally construes the petition and accompanying documents to allege ineffective assistance of counsel as "cause" for the procedural default. The law is well established, however, that when a petitioner claims ineffective assistance of counsel as "cause" for procedural default, that

9

specific allegation of ineffective assistance of counsel is a separate claim which must itself be exhausted in state court. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *Murray*, 477 U.S. at 489. In other words, the failure to exhaust the ineffective assistance claim for "cause" will itself constitute a procedural default of the procedural default defense, and absent cause and prejudice, will prevent Federal courts from hearing the claim. *Edwards*, 529 U.S. at 452.

The record shows that the petitioner never raised a claim of ineffective assistance of counsel in any State court, much less in the context of "cause" for procedural default. Having failed to do so, the petitioner cannot establish the "cause" half of the two-part cause-and-prejudice test. Consequently, the Court may not hear the petitioner's procedurally defaulted non-*Blakely* claims, because they are procedurally barred.

As explained herein, the petitioner's non-*Blakely* claims are both time barred and procedurally barred. As such, the petitioner is not entitled to federal *habeas corpus* relief on those claims.

An appropriate Order will be entered.

Todd Campbell
Chief District Judge

10